**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mishayla Le Ann Kusse,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-23-02303-PHX-GMS (ASB)<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Alison S. Bachus recommending that the Court reverse the decision of the Administrative Law Judge ("ALJ") and remand this matter for further proceedings. (Doc. 20 at 38). Plaintiff filed unopposed objections. (Doc. 21). For the following reasons, the R&R is adopted, and this matter is remanded for further proceedings.

## BACKGROUND

Neither the Commissioner nor Plaintiff object to the Magistrate Judge's factual and procedural history or object to the Magistrate Judge's determination that the ALJ committed harmful legal error in the evaluation and rejection of the medical opinion and symptom testimony evidence. (*See generally* Doc. 20). The Court, therefore, adopts the Magistrate Judge's factual findings and determination of harmful legal error.[1]

On July 3, 2024, the Magistrate Judge issued the R&R. (Doc. 20). She reversed

---
[1] A detailed account of the factual and legal background in this case is available in the R&R (Doc. 20).

and remanded the ALJ's decision for further proceedings. (*Id.* at 38). On July 17, 2024, Plaintiff filed a timely objection. (Doc. 21). Plaintiff objects only to the R&R's recommendation to remand for further proceedings and argues that the ALJ decision should instead be remanded for a calculation of benefits. (*Id.* at 4). The Commissioner did not file a Response.

## LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court considers Plaintiff's objections and reviews the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (noting that courts must make a de novo determination of those portions of an R&R to which specific objections are made). District courts are not required to review any portion of an R&R to which no specific objection has been made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). "General objections to an R & R are tantamount to no objection at all." *Shayeb v. Comm'r of Soc. Sec. Admin.*, No. CV-22-01784, 2023 WL 8183573, at *1 (D. Ariz. Nov. 27, 2023) (quoting *Haley v. Stewart*, No. CV-02-1087, 2006 WL 1980649, at *1 (D. Ariz. July 11, 2006) (collecting cases)).

## DISCUSSION

Plaintiff objects only to the R&R's conclusion that the case be remanded for further proceedings rather than remanded for payment of benefits under the credit-as-true standard. (Doc. 20 at 4).

### I.  Legal Standard

Under the credit-as-true rule, a court may remand a case for payment of benefits if: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all three elements are satisfied, "the decision whether to remand a case for

additional evidence or simply to award benefits is in [the Court's] discretion." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).

**II.     Analysis**

Neither party objects to the Magistrate Judge's finding that the ALJ failed to provide legally sufficient reasons for rejecting evidence. As such, the Court adopts this finding, which satisfies the second prong of the credit-as-true rule. *See Garrison*, 759 F.3d at 1020.

The first prong, however, is not satisfied. The first prong of the credit-as-true rule requires the Court to determine "whether there are outstanding issues that must be resolved before a determination of disability can be made . . . and whether further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1101 (internal citation omitted). "Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time." *Id*. (cleaned up) (internal citations omitted).

Here, the Magistrate Judge determined that the ALJ failed to provide "specific, clear, and convincing reasons, supported by substantial evidence, to discredit Plaintiff's symptom testimony." (Doc. 20 at 37). The Magistrate Judge additionally concluded that the ALJ improperly rejected the opinions of Deanna Gem, N.P., Dr. Roach, D.C., Lisa Wadsworth, PA-C, and Dr. Saperstein, M.D. (*Id.* at 12-22). But, it is not clear, in light of all of the testimony and evidence, how the opinions of those health care providers would be balanced with the other medical evidence available to the ALJ. "A court should not remand for benefits when the record, taken as a whole, leaves the 'slightest uncertainty' as to the proceeding's outcome." *Morgan v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00109, 2022 WL 4377130, at *1 (D. Ariz. Sept. 22, 2022) (quoting *Treichler*, 775 F.3d at 1101). Since the record leaves the "slightest uncertainty as to the proceeding's outcome," *Morgan*, 2022 WL 4377130, at *1, further administrative proceedings are necessary. The Court

remands for the ALJ to correct the deficiencies in her analysis and reexamine the evidence in the record as a whole under the five-step analysis. *See* 20 C.F.R. § 404.1520(a).

Accordingly,

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. 20) is adopted. The final decision of the Commissioner of Social Security is **VACATED**, and this case is **REMANDED** for further proceedings. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 28th day of March, 2025.

_____
G. Murray Snow
Senior United States District Judge